UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nikita Dixon,

    Petitioner,

.

Tracy Beltz, et al.,

    Respondents.

Case No. 23-cv-3312 (ECT/DTS)

**REPORT AND RECOMMENDATION**

Earlier this year, petitioner Nikita Dixon filed a petition for a writ of habeas corpus challenging the legality of his state-court conviction for first-degree criminal sexual assault. *See Dixon v. Beltz*, No. 23-cv-1931.[1] The undersigned conducted a review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concluded that the petition was plainly untimely (among other problems). Dixon was ordered to show cause why the petition should not be dismissed as untimely. When Dixon failed to respond to the order to show cause, the petition was dismissed, but without prejudice for failure to prosecute rather than due to untimeliness.

Dixon now returns to federal court with a second petition for a writ of habeas corpus challenging the exact same conviction for first-degree criminal sexual assault. This second petition is, of course, no timelier than the first one. The limitations period for Dixon's petition is established by 28 U.S.C. § 2244(d)(1)(A), which provides the petitioner with one year to file a habeas petition beginning on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Minnesota trial court sentenced Dixon in an order dated February 8,

---

[1] The relevant details of Dixon's criminal case can be found in *Dixon v. Beltz*, No. 23-cv-1931, Dkt. No. 7 (D. Minn. Aug. 11, 2023).

2018.  Dixon did not pursue a direct appeal, so the limitations period began when his time to file a notice of appeal expired—90 days after "judgment and sentencing."  *See* Minn. R. Crim P. 28.05, subd. 1(1).  The one-year limitations period therefore began on May 9, 2018, and ended on May 9, 2019.

Dixon did seek post-conviction relief in state court in October 2019, and 28 U.S.C. § 2244(d)(2) tolls the limitations period for the "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  But this tolling mechanism only tolls a still-running limitations period; it does not restart one that has already ended.  *See, e.g.*, *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (citing cases); *Nunn v. Hammer*, No. 16-CV-2693, 2016 WL 5477072, at *2 (D. Minn. Sept. 28, 2016) (same).  By October 2019, Dixon's one-year limitations period had already expired.

This Court explained all of this to Dixon in the earlier habeas proceeding, and Dixon does not suggest anywhere in his current habeas petition or accompanying materials that this Court miscalculated the limitations dates.  Instead, Dixon asserts that he was actually innocent of the offense for which he was convicted and that he should therefore be excused from the statute of limitations.  To be sure, "actual innocence, if proved, serves as a gateway through which a petitioner may pass . . . the statute of limitations." *McQuiggin v. Perkins*, No. 569 U.S. 383, 386 (2013).  But "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  This is a very high threshold—a threshold that Dixon cannot meet.  Among other problems: (1) Dixon pleaded guilty to the offense, and representations during a plea colloquy carry a strong presumption of veracity, *see Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir.1997);

2

(2) Dixon himself admits that "I'm not real sure about what happened" because "[a]t the time of the incident, I was high and drunk," First Pet. Letter at 1 [Dkt. No. 1-2 at 1], and (3) Dixon further acknowledges that he committed a criminal sexual offense, albeit one that he does not believe should have been charged as first-degree criminal sexual assault, *see* Second Pet. Letter at 2 [Dkt. No. 1-3 at 1]. Needless to say, these are not ringing self-endorsements of actual innocence. In any event, Dixon's suggestion that his intoxication rendered him incapable of having the intent to commit first-degree criminal sexual assault is a non-sequitur, as "[t]he criminal sexual conduct statute 'does not contain an intent requirement, making it a general intent crime.'" *Dixon*, 2021 WL 5441923, at 2 n.2 (quoting *State v. Hart*, 477 N.W.2d 732, 736 (Minn. Ct. App. 1991)). None of Dixon's explanations for his conduct are inconsistent with having committed first-degree criminal sexual conduct.

Dixon's habeas petition is untimely and he has not made a showing of actual innocence adequate to evade the statute of limitations. Accordingly, it is recommended that the petition be denied on that basis. This case is not a close call, and Dixon should not be granted a certificate of appealability. *See* 28 U.S.C. § 2253(c).

## RECOMMENDATION

For the reasons set forth above, and based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The petition for a writ of habeas corpus of petitioner Nikita Dixon [Dkt. No. 1] be **DENIED AS UNTIMELY**.

2. No certificate of appealability be issued.

Dated: November 16, 2023         s/David T. Schultz   
                                                               DAVID T. SCHULTZ
                                                               U.S. Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).